## In re Nomination Papers of Brancato et al.

*Earl V. Compton* and *Marshall Morgan*, for objectors.

*John C. Kelley, Thomas I. Guerin, Harry Hershey,* and *Thomas J. Namick, Jr.,* for respondents.

*Charles J. Margiotti,* Attorney General, and *Adrian Bonnelly,* Deputy Attorney General, for Commonwealth.

HARGEST, P. J., October 2, 1936.—On July 23, 1936, five electors filed a preëmption affidavit to no. 1026, June term, 1936, for the purpose of preëmpting the name "Royal Oak Party" for making nominations for the office of Representative in the General Assembly for the Fifth Legislative District in the County of Philadelphia, and on September 2d nomination papers, valid on their face, accompanied by the above-mentioned certificate, were presented to the Secretary of the Commonwealth for filing, purporting to nominate Charles R. Regan, Peter J. Campbell and John Chiusolo as candidates of said party for said office. The secretary refused to receive those nomination papers for the reason that on August 26th he had accepted and filed nomination papers purporting to nominate Anna Brancato, Francis J. Falkenstein and Charles Melchiorre as candidates of said party for said offices. The papers filed were accompanied by a certificate of the filing of the

second affidavit on August 24, 1936, to no. 1423, June term, 1936, claiming the same preëmption.

Some question was raised at the hearing whether the nomination papers of Anna Brancato and her associates were accompanied by the required certificate of the prothonotary as to the filing of the second preëmption affidavit. It is not necessary to pass upon that question because, if the nomination papers of Regan and his associates are valid, then the nomination of Anna Brancato is invalid, even though accompanied by such certificate. If the nomination of Regan and his associates is not valid, then it makes no difference whether there was a preëmption affidavit: Fowler's Nomination, 27 Dauph. 289.

The respondents contend that the first preëmption affidavit is invalid. The caption of the affidavit is "In Re Application for Exclusive Right to Party Appellation Royal Oak Party in Fifth Legislative Dist. of the County of Philadelphia, State of Pennsylvania." The paper is endorsed word for word the same as just quoted, except that the word "District" on the endorsement is printed in full. In the body of the affidavit the words "Royal Oak" are omitted, and it reads:

"They have adopted the name of '. . . . Party' to designate their policy, subject to the limitations contained in the Act of Assembly approved the 9th day of July, 1897, P. L. 223, as amended, and they claim the exclusive right to the use of said name or appellation for the said election."

It is contended that the omission of the words "Royal Oak" in the body of the affidavit renders it invalid. The affiants at the hearing moved to amend by inserting the words "Royal Oak" in the body of the affidavit, and filed a formal petition signed by all the affiants making that request.

The question is whether such amendment can be allowed. In election matters, in order to secure an extraordinary right there must be a strict compliance with the

law, but amendments are liberally allowed to nomination papers and the affidavits thereto, in order to carry out the intention of the electors. Technicalities should not be sustained which would defeat the right of electors to make nominations, particularly when such a result would be accomplished merely because there was some typographical error or omission in the papers. It has been settled that nomination papers, accompanied by an affidavit of preëmption of a party name, the certification of which by the prothonotary's office is not in the precise form or terms required by the statute, may be amended by filing a proper certificate, upon objections being made on that ground: In re "Lower Tax Party", 17 D. & C. 342. And amendments to affidavits of nomination papers have been allowed many times: Commonwealth ex rel. v. Reeder, etc., 1 Dauph. 284; Butler's Nomination, 4 Dist. R. 187; In re Nomination Papers by the Lincoln Party in Berks County Amended, 14 Dist. R. 793, Ermentrout's Nomination, 31 Pa. C. C. 486; Bailey's Nomination, 16 Dist. R. 455; Nominations for County Offices by the Independent Party, 25 Dist. R. 436.

In order to secure the exclusive right to make a party nomination, there must be a certificate "from the prothonotary setting forth such a compliance with the act . . . filed with the nomination papers". So it may be fairly assumed that the certificate is an essential part of nomination papers purporting to secure the exclusive right to make such nomination. The Act of July 9, 1897, P. L. 223, 25 PS §977, as amended, has provided that "if it [nomination paper] be judged defective only, the court shall indicate the matters in which it requires amendment, and the time within which such amendments must be made. . . . The officers with whom nomination papers have been filed shall permit the political parties or bodies who have filed them to amend them, of their own motion, at any time prior to the printing of the ballot."

In the instant case, an inspection of the paper itself clearly shows what the affiants intended to do. The words "Royal Oak" appear both in the caption and in the endorsement. They were, by an oversight, omitted in the body of the affidavit, although the affiants say in the affidavit "they claim the exclusive right to the use of said name or appellation". Moreover, the certificate of the prothonotary does contain the words "Royal Oak" in the body of the affidavit.

In any event, the purpose of these affiants is clear, and we think the right to amend the paper is correspondingly clear. Therefore the amendment is allowed. It follows that the nomination papers purporting to nominate Regan and his associates are valid, and the nomination papers purporting to nominate Anna Brancato and her associates are invalid.

For the reasons given herein, as well as for those given in the petitions filed in the cases of Objections to the Nomination Papers of Isidor Ostroff and Harry Voldow, no. 1665, June term, 1936, and Objections to Nomination Papers of Frank J. Zappala, no. 1696, June term 1936, the objections to the nomination papers of Anna Brancato and her associates must be sustained.

Now, October 2, 1936, the objections to the nomination papers of Anna Brancato, Francis J. Falkenstein and Charles Melchiorre, as candidates of the Royal Oak Party for the offices of Representative in the General Assembly for the Fifth Representative District of the County of Philadelphia, are hereby sustained, and the said nomination papers are hereby declared invalid. The nomination papers of Charles R. Regan, Peter J. Campbell and John Chiusolo are hereby declared valid. The Secretary of the Commonwealth is hereby directed to certify their names for printing upon the ballot. The prothonotary is hereby directed to certify this judgment to the Secretary of the Commonwealth.